IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE VELASQUEZ,

      Plaintiff,

v.                                                            No. 1:19-cv-01119-KG-LF

NM CORPORATIONS COMMISSION/NM SECRETARY
OF STATE'S OFFICE, and LOS ALAMOS NATIONAL
BANK aka ENTERPRISE BANK,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court on Plaintiff's Response to the Show Cause Order, Doc. 7, filed December 26, 2019 ("Response"), and on Plaintiff's Objection Letter to Appearance of Duncan Scott, Doc. 12, filed January 15, 2020, ("Objection").

Plaintiff filed a Complaint against Defendants New Mexico Corporations Commission and Los Alamos National Bank asserting claims of fraud, misrepresentation, and false allegations.  *See* Complaint at 1, Doc. 1, filed December 2, 2019.

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  The Complaint in this case states:  "Jurisdiction of this Court is found upon 28 U.S.C. § 1331. (The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.)."  Complaint at 3, Doc. 1, filed December 2, 2019.

The Court notified Plaintiff that:

There are, however, no factual allegations in the Complaint that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

> The factual allegations only refer to State of New Mexico criminal and civil laws. Plaintiff has not met his burden of alleging facts that support jurisdiction.

Order to Show Cause at 1-2, Doc. 5, filed December 4, 2019. The Court ordered Plaintiff to either show cause why the Court should not dismiss this case for lack of jurisdiction or file an amended complaint that contains a short statement of the grounds for the Court's jurisdiction and alleges facts that support jurisdiction. *See* Order to Show Cause at 2.

Plaintiff filed a 207-page Response. The relevant part of the Response, which is the first 11 pages and page 36 of the Response, is essentially a summary of the Complaint. The remainder of the Response, 196 pages, are copies of cases and various other documents. The Court carefully reviewed the relevant part of the Response, but performed only a cursory review of the cases and other documents attached to the Response. The Court will not comb the record or make a party's arguments for it. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

Plaintiff only references federal law twice in the relevant part of the Response. The first instance references "33 U.S. Code § 931," which sets forth the penalty for the felony crime of misrepresentation for the purpose of obtaining a benefit or payment under Chapter 18 – Longshore and Harbor Workers' Compensation. Response at 1. The second instance states:

> The fact is that the OCC and the Bank are mandating businesses in NM to select their business category and protections by law. The OCC is in agreement with the bank to ignore state law and violate the business persons mandated rights and protections. They are paying for at NM State Corporation Commission or Secretary of State's Office now. These actions are in Violation of the Dodd-Frank Act by interfering with business bank accounts and the Personal Assets of the Director. By NM State Law Article 53-11-4.1 Making their action Fraudulent and false advertising. The Dodd-Frank ACT allowed the OCC to violate Patent

2

> Protections as well as business bank accounts, consumer accounts and Freezing bank accounts.

Response at 6.

Plaintiff has not shown that the Court has jurisdiction over this matter. While Plaintiff's Response references the federal statute setting forth the penalty for misrepresentation regarding Longshore and Harbor Workers' Compensation and makes conclusory allegations about violations of the Dodd-Frank Act, it does not explain how the claims in his Complaint arise from those federal laws. Furthermore, Plaintiff has not filed an amended complaint that contains a short statement of the grounds for the Court's jurisdiction and alleges facts that support jurisdiction.

The Court will dismiss this case without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Plaintiff also filed an Objection to the appearance of Duncan Scott on behalf of Defendant Los Alamos Bank. Because it is dismissing this case, the Court overrules Plaintiff's Objection as moot.

IT IS ORDERED that:

(i) This case is DISMISSED without prejudice.

(ii) Plaintiff's Objection Letter to Appearance of Duncan Scott, Doc. 12, filed January 15, 2020, is OVERRULED as moot.

_____
UNITED STATES DISTRICT JUDGE